### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**UNITED STATES OF AMERICA**

vs.                                              **CRIMINAL ACTION No.: 3:17-CR-128-HTW-LRA**

**MICHAEL PHILLIPS**

### ORDER

BEFORE THIS COURT is the defendant's Motion for Compassionate Release Due to COVID-19. **[Docket no. 31]**. Defendant, by his motion, asks this court to remove him from the Madison County, Mississippi Jail – Federal Holding. The United States of America opposes such motion, saying that defendant has failed to meet his burden of proof. This court has reviewed the submissions of the parties and finds that defendant's Motion for Compassionate Release Due to COVID-19 **[Docket no. 31]** must be denied for the reasons set forth below.

**I.   FACTUAL BASIS**

On November 7, 2017, defendant Michael Phillips (hereinafter referred to as "Phillips") was indicted for voluntary manslaughter (Title 18 U.S.C. § 1112). Thereafter, Phillips elected to proceed to jury trial, which is currently set for this court's December 2020 Criminal Trial Term.

Phillips is currently being held in pretrial detention at the Madison County, Mississippi, Jail. Phillips is a career offender who, at the time of the offense alleged in the indictment, was serving a 210-month federal term of imprisonment for possession with intent to distribute crack cocaine at the Federal Correctional Institution at Yazoo City, Mississippi. *See United States v. Michael Phillips*, 0:07-cr-60007-FAM (S.D. Fla.).

1

## II. ANALYSIS

Phillips filed his motion citing Title 18 U.S.C. § 3582(c)(1)(A) for authority. Section 3582, commonly referred to as the First Step Act, provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > >
> > > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; […]

18 U.S.C.A. § 3582 (West).

### a. Exhaustion of Administrative Remedy

The parties have provided this court no allegations about whether Phillips has or has not exhausted his administrative remedies. This court notes, however, that Phillips is not currently in

the custody of BOP and, thus, cannot submit his request to the Warden of FCI Yazoo City. Accordingly, this court finds that Phillips has not exhausted his mandatory administrative remedies.

    *b. Burden of Proof*

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted).

To establish that defendant should be afforded compassionate release, the defendant must show that "extraordinary and compelling circumstances exist". The United States Congress further defined its intent in Title 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

For further guidance, the Sentencing Guidelines policy statement at § 1B1.13 provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

The Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community],

extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Phillips argues that the First Step Act's "extraordinary and compelling reasons" are satisfied because: the Madison County, Mississippi Jail is allegedly not following COVID-19 protocols; and that his underlying health conditions (hypertension, left eye partial blindness, lower back pain, and edemia) place him at risk.

The government responds that Phillips' cited reasons do not fall within the purview of the First Step Act, Compassionate Release statute. This court, therefore, need not address the government's argument on the First Step Act because defendant's motion cannot travel under either the First Step Act or the CARES Act.

Relative to the defendant's argument that he is at risk of contracting COVID-19, this court is in lockstep with the reasoning of *United States v. Kerr*, 3:19-cr-269-L, 2020 WL 1529180, * 3 (N.D. Tex. March 31, 2020) ("The court cannot release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees.").

Neither is this court persuaded that Phillips' request to be transferred to another federal holding facility should be granted. The First Step Act and CARES Act both embrace the reduction of a sentence issued by this court, not a pretrial detainee transfer to another federal holding facility. This court has not yet held a jury trial for a finder of fact to determine if Phillips is indeed guilty of voluntary manslaughter. Accordingly, this court finds that Phillips' motion for compassionate release must be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED that defendant's Motion for Compassionate Release Due to COVID-19 [Docket no. 31] is hereby DENIED for the reasons stated above.**

**SO ORDERED this the 13th day of September, 2020.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**